Scofield, J.,
delivered the opinion of the court:
The claimant was an officer of the Navy with the rank of commander.
February 18, 1883, he was in command of the United States steamer Ashuelot, attached to the squadron on the Asiatic station. On that day the steamer was run upon a rock and lost with eleven of the crew. The disaster was attributed to the misconduct of the claimant.
A court-martial was convened by the commander-in-chief at the station, before which the claimant was arraigned, tried, convicted, and sentenced to dismissal from the service. July 6,1883, the sentence was confirmed by the President.
The court-martial consisted of seven members, five of whom were junior in rank to the claimant. In the order convening the court-martial, it is declared that “ no other officers than those named can be assembled without manifest injury to the service.” At the trial a protest against the organization of the court with a majority of the members junior to the claimant was filed by him.
For this reason the claimant now alleges that the organization of the court-martial was illegal and all its proceedings void; that, therefore, he is still a commander in the Navy, and entitled to pay from July 6, 1883.
*40 The court-martial was convened under the provisions of section 1624 of the Revised Statutes, which are as follows:
“Abt. 38. G-eneral courts-martial may be convened by the President, the Secretary of the Navy, or the commander-in-chic f of a fleet or squadron. * * *
“Am1. 39. A general court-martial shall consist of not more than thirteen nor less than five commissioned officers as members ; and as many officers, not exceeding thirteen, as can be convened without injury to the service, shall be summoned on every such court. But in no case, where it can be avoided without injury to the service, shall more than one-half, exclusive of the president, be junior to the officer to be tried. The senior officer shall always preside and the others shall take place according to their rank.”
This statute directs how a court-martial shall be composed, but authorizes a departure from that general direction when it can not be followed without injury to the service.
It is not denied that the question of possible injury to the service, by a different composition of the court, was considered and passed upon by the officer authorized so to do; but it is contended that he erred in his conclusion, and that this court has power to correct the error by setting aside all the proceedings thereunder as null and void.
Section 143 of the Orders, Regulations, and Instructions for the Administration of Law and Justice in the United States Navy, is as follows:
“It is to be understood, however, that the limitation with reference both to the number and rank of the members of a general court-martial is discretionary with the appointing power, and that his decision thereupon is conclusive.”
This regulation, in the opinion of the court, has given to the statute the proper construction, and is in harmony with the decision of the Supreme Court in Martin v. Mott (12 Wheaton, 19).
In this case the act of Congress of February 28, 1797, had provided that “ whenever the United States shall be * * * in imminent danger of invasion * * * it shall be lawful for the President,” etc. This act does not in terms provide that the contingency shall be decided by the President, nor that his decision shall be conclusive of the fact; but the Supreme Court held that “ the authority to decide whether the exigency had arisen belonged exclusively tq the President, *41 and that bis decision was conclusive upon all other persons.” In the same case, the court lays down the following general rule:
u Whenever a statute gives a discretionary power to any person, to be exercised by him upon his own opinion of certain facts, it is a sound rule of construction that the statute constitutes him the sole and exclusive judge of the existence of those facts.”
This court has repeatedly held that under the Act July 4, 1864 (13 Stat. L., 394), which authorizes u the commanding officer of an army or detachment” to purchase supplies without advertisement when an emergency exists, that such officer became “ the sole judge of when the emergency existed.” (Baker & Folsom’s Case, 3 C. Cls. R., 343; Emory’s Case, 4 id., 386; Cobb’s Case, 18 id., 514.)
Other questions were raised by the defendants and elaborately discussed by counsel on both sides, but as the court holds that the court-martial was lawfully organized and the claimant legally dismissed from the service it is unnecessary to consider them.
The petition of the claimant will be dismissed.